## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | |
| | § | Case Number: AU-13-CR-00133(1)-SS |
| Gregory P. Boyd | § | |
| *Defendant* | § | |
| | § | |
| | § | |

### Response to Government's Motion in Limine
### Regarding Peter Eric Hendrickson

Defendant Gregory P. Boyd, by and through undersigned counsel, respectfully submits this Response to the Government's Motion in Limine regarding Peter Eric Hendrickson filed September 20, 2103 (Doc. #41) as follows:

Defendant Boyd asks that the Government's Motion in Limine be denied. The Government's motion confuses two different issues: 1) tax protester arguments about what the law is or should be (which is not permitted in any court) and 2) the basis for the defendant's good faith reliance (which is permitted in numerous courts).

For the years in the indictment, Mr. Boyd filed incorrect tax returns in accordance with the views and advice of Peter Eric Hendrickson. Mr. Boyd is no longer following Mr. Hendrickson. In fact, the defense even intends to stipulate to the Government's calculations about the amount of taxes owed for the years at issue (2004-2006) in the jury charge. Thus, for all practical purposes, the only real issue in this entire case may be Mr. Boyd's subjective intent; i.e., willfulness.

Defense counsel intends for Mr. Boyd's research into/following of the Hendrickson theories to form a significant part of counsel's opening statement and evidence at trial. The jury must

determine whether Mr. Boyd's subjective intent (i.e. good faith reliance) was to violate the law during the period when he was following Hendrickson. Thus, without evidence on the Hendrickson materials that influenced Mr. Boyd, there would be an effective denial of Mr. Boyd's right to present a defense.

If the Motion in Limine is granted, counsel will be forced to break off mid-argument to seek a ruling from the Court. Even if the argument is ultimately allowed, it would still be a significant disruption in the course of the argument and trial. Even worse, if the Court's subsequent ruling is that the argument and evidence are not permissible, counsel will be at a severe disadvantage not only in opening argument but also for trial preparation and indeed, the entire course of the trial. It could essentially be a denial of a meaningful opening statement, which would give the prosecution an unfair advantage.

Excluding defense evidence can result in reversal. *See, e.g., United States v. Tin Yat Chin,* 371 F.3d 31 (2nd Cir. 2004); *United States v. Stevens,* 935 F.2d 1380, 1404 (3rd Cir. 1991); *United States v. Wasman,* 641 F.2d 326, 328-29 (5th Cir. 1981); *United States v. Morgan,* 581 F.2d 933 (D.C. Cir. 1978). In *United States v. Detrich,* 865 F .2d 17, 21 (2nd Cir. 1988), the conviction of a dentist for importing heroin was reversed due to the erroneous exclusion of defense evidence. In that case, Detrich offered to prove that he had no knowledge of his possession of heroin because he simply brought back from India what he thought was a suit needed for a wedding. His effort to introduce a co-defendant's statement regarding a wedding the following month was excluded. In reversing, the court held:

> "We cannot find it harmless to exclude a statement that would have supported the main theory of the defense." *Id.*

A tax evasion conviction was at issue in *United States v. Popenas,* 780 F.2d 545 (6th Cir.

1985). In *Popenas*, an attorney who prepared the defendant's tax returns denied personal culpability on the stand. The defense offered as a defense to the charge an affidavit executed by the attorney which acknowledged his incompetence. The exclusion of this evidence was held to be reversible error. *Id.* at 548.

In *United States v. Cantu*, 876 F.2d 1134, 1137-38 (5th Cir. 1989), the exclusion of the defendant's testimony (that he was entrapped by an informer) caused a reversal. Similarly, the exclusion of evidence regarding reliance upon the advice of an attorney in a currency transaction prosecution caused a reversal in *United States v. Eisenstein*, 731 F .2d 1540, 1545-46 (11th Cir. 1984). The refusal to permit a defendant to testify regarding his intent required a reversal in *United States v. Kelly*, 888 F.2d 732, 743-44 (11th Cir. 1989).[1]

A central part of the defense's case is anticipated to be about Mr. Boyd's reliance on the tax theories espoused by Mr. Hendrickson and the like. This evidence, which the Government seeks to limine, has been considered without objection by federal and state courts in a number of contexts. *United States v. Hendrickson*, No. 06-11753; 2007 U.S. Dist. LEXIS 99006, at *7 (E.D. Mich. May 2, 2007)(civil tax proceeding); *aff'd by unpublished slip op.*, No. 07-1510, 2008 U.S. App. LEXIS 27988 (6th Cir. June 11, 2008); *see also United States v. Dirr,* No. 3:08-CR-42, 2010 U.S. Dist. LEXIS 4309, at *9 (E.D. Tenn. 2010)(denying defendants' motion to suppress book which was seized during search, unclear whether Hendrickson's book or similar style anti-government book); *Nelson v. United States*, No. 3:08cv508/MCR/EMT, 2009 U.S. Dist. LEXIS 122529 (N.D. Fla. December 7, 2009)(discussing and rejecting theories in book), adopted by 3:08cv508/MCR/EMT, 2010 U.S. Dist. LEXIS 1497 (N.D. Fla. January 8, 2010); *Scott v. Dep't of Taxes*, No. 08-190, 2008

---

[1] Defendant acknowledges that the Government is not seeking to exclude the evidence in its motion in limine and recognizes that a ruling on the motion, as a preliminary matter, is never error. However, the above cases are provided to show why the evidence is admissible and the motion in limine should be denied.

Vt. Unpub. LEXIS 282 (Vt. 2008) (discussing theories from book); *United States v. Gray*, No. 1:07-CV-42, 2007 U.S. Dist. LEXIS 19833 (W.D. Mich. 2007)(enjoining defendant from preparing tax returns under the book or otherwise); *People v. Robison*, A117923, 2008 Cal. App. Unpub. LEXIS 8926, at *20-21, 2008 WL 4726532 (1st Ct. App. Cal. 2008, unpublished) ("We agree with appellant that once Burgarella testified that they had read the book and used its forms, its contents were relevant to appellant's state of mind," but excluding because it had not been disclosed to prosecution.), *United States v. Hill*, No. CV-05-877-PHX-DGC, 2005 U.S. Dist. LEXIS 38086 (D. Ariz. 2005)(discussing theories raised in book).

Mr. Boyd is not arguing that the tax returns he submitted while following Hendrickson's theories are correct. In fact, we are in the process of stipulating about the amount of taxes that Mr. Boyd owes for each of the tax years at issue. But, whether Mr. Boyd's beliefs back when he filed those tax returns seem credible or believable is highly relevant and admissible. Since the Government intends to present evidence of *what* Mr. Boyd filed on his tax returns, then it is critical that Mr. Boyd be able to present evidence about *why* he filed what he did. Mr. Boyd's theory of defense rests on a single item: subjective intent. His understanding of Mr. Hendrickson's works and theories are central to that defense.

The "Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *See Holmes v. South Carolina*, 547 U.S. 319, 324 (2006); *United States v. White*, 692 F.3d 235, 246 (2nd Cir. 2012)("when the evidence is central to the defendant's claim of innocence, we find that categorical exclusion infringe[s] upon a weighty interest of the accused,' ... and threatens 'the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing,'"); *see also United States v. Decologero*, 530 F.3d 36, 72-73 (1st Cir. 2008); and *Kittelson v. Dretke*, 426 F.3d 306, 318-19 (5th Cir. 2005).

At trial, it is anticipated that the defense witnesses will testify that Mr. Boyd studied various materials, including Hendrickson's, to determine what "the law is," and relied upon the evidence which is the subject of the prosecution's motion in limine. To exclude these potential exhibits before trial or even during trial will deprive Mr. Boyd of his constitutional right "to present a complete defense." For the foregoing reasons, Defendant respectfully requests that the Motion in Limine be DENIED.

In the alternative, Defendant asks that the issue of the admissibility of information regarding Mr. Hendrickson be fully determined at the pre-trial hearing currently scheduled for October 11, 2013, because uncertainty as to the eventual admissibility of this crucial evidence would result in significant difficulty in preparing the Defendant and witnesses to testify at trial. Or, in the spirit of goose and gander fairness, *what* Mr. Boyd filed on his tax returns and *why* he did so could both be left out of the trial.

Respectfully submitted September 27, 2013.

Rain Levy Minns
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd, Suite 500
Austin, Texas 78759
Tel.: 512-372-3222
Fax: 512-861-2403

rain@rainminnslaw.com

## CERTIFICATE OF SERVICE

I certify that on September 27 , 2013, a copy of the foregoing was served through the CM/ECF system on Alan M. Buie, United States Attorney's Office, 816 Congress Ave. Suite 1000, Austin, Texas 78701, 512-916-5858 (phone), 512-916-5854 (fax), alan.buie@usdoj.gov (email).

Rain Levy Minns

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| United States of America | § § | |
| vs. | § § | Case Number: AU-13-CR-00133(1)-SS |
| Gregory P. Boyd<br>*Defendant* | § § § | |

**ORDER**

Before the Court are the Government's Motion in Limine Regarding Peter Eric Hendrickson filed September 20, 2013 (Doc. #41), the Defendant's Response, and any reply thereto. Having considered the same, the Motion in Limine is hereby DENIED.

SIGNED ON _____, 2013.

_____
UNITED STATES DISTRICT JUDGE SAM SPARKS