UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 1:13-CR-133-SS |
| | § | |
| GREGORY P. BOYD, | § | |
| | § | |
| Defendant | § | |

GOVERNMENT'S RESPONSE TO
NOTICE OF DEFENSE EXPERT PETE HENDRICKSON

The government responds to the Defendant's Notice of Expert Witness Pete Hendrickson [doc. 61] ("the Notice"), and would respectfully advise the Court and the defense as follows.

The government does not contest Hendrickson's expertise as to the contents of his own book, *Cracking the Code*, but the government contends that expert testimony by Hendrickson is inadmissible on grounds of relevance, Fed. R. Evid. 401, 402; because its "probative value is substantially outweighed by a danger of … confusing the issues, misleading the jury, undue delay, wasting time, [and] needlessly presenting cumulative evidence," Fed. R. Evid. 403; because his opinions would not "help the trier of fact to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702(a); and because his opinions are not "the product of reliable principles and methods."   Fed. R. Evid. 702(c).

The chief issue for the jury at trial will be the Defendant's willfulness at the time of the alleged offense, i.e., when he filed the tax returns that are the subject of the Indictment on or about October 7, 2007.   The Defendant willfulness will depend mainly on his understanding of certain matters at that time, and, to the best of the government's knowledge, the Defendant never

*Government's Response to Notice of Defense Expert Pete Hendrickson* – **Page 1**

communicated with Hendrickson until after he was indicted in this case in 2013.  Therefore, at the time of the alleged offense, the Defendant had at most read things that Hendrickson had written, either in his book, *Cracking the Code*, or perhaps elsewhere.  If the Defendant had only read Hendrickson's writings at that time, the Defendant's own perception and understanding of those writings is what matters.  What Hendrickson now believes them to say, or what he believed them to say then, is irrelevant unless evidence shows that Hendrickson conveyed his belief or understanding to the Defendant.  *Cf. United States v. Daly*, 756 F.2d 1076, 1083-84 (5th Cir. 1985) (affirming decision to exclude expert testimony under Fed. R. Evid. 403 where there was no evidence that the defendant relied on the expert's opinion at the time of the offense).  Consequently, Hendrickson's expert testimony about his book is simply irrelevant and should not be admitted.

Furthermore, the dangers occasioned by Hendrickson's proposed expert testimony – that it would confuse the issues, mislead the jury, cause undue delay, waste time, and needlessly present cumulative evidence – substantially outweigh any probative value the testimony might have.  *See* Fed. R. Evid. 403.  For the reasons stated above, expert testimony by Hendrickson does not have significant probative value.  Furthermore, the Fifth Circuit has repeatedly recognized the danger that evidence of frivolous anti-tax theories and arguments will confuse the issues and mislead the jury.[1]

In *Daly*, the Defendants were convicted of, among other things, either subscribing or aiding

---

[1] The government understands that the defense would not present Hendrickson as an expert on the actual meaning of the tax laws.  The government assumes, however, that Hendrickson's testimony would extend beyond the contents of his book or his other writings.  (Evidence other than Hendrickson's testimony could more easily and effectively prove what his writings contain.)   Hendrickson presumably would also testify about his theories and arguments, their persuasiveness, their acceptance by others, and the reasonableness of believing them.   So in reality the substance of his testimony would be the same, which is to say argumentative and frivolous, whether or not he is ostensibly testifying about the actual state of the law, and the danger of confusing the issues and misleading the jury would be no less.

and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206.  *See Daly*, 756 F.2d at 1082.  At trial, the Defendants offered the testimony of an expert on the uncertain meaning of the tax laws.  *See id.* at 1083.  The Fifth Circuit explained the district court's reasoning for excluding the expert testimony:

> [The expert's] interpretations on the law governing the legality of [the defendants' actions] had little probative value on the issue of the defendants' states of mind at the time they acted because there was no evidence that they had relied on his opinion at the time they acted.  As against this slight probative value, the district court noted the great possibility of confusing the jury with more than one statement of the law.

*Id.* at 1083-84.  The Fifth Circuit affirmed, noting that "the district court properly balanced the interests set forth" in Rule 403.  *Id.* at 1084.

In *United States v. Burton*, 737 F.2d 439 (5th Cir. 1984), the defendant was convicted of willful failure to file income tax returns and filing false withholding statements.  *See id.* at 440.  On appeal, he argued that "that the district court erroneously excluded the expert testimony of a tax professor to the effect that, despite its lack of legal acceptance, Burton's theory and belief that wages are not taxable income was not implausible."  *Id.* at 443.  The Fifth Circuit found no abuse of discretion:

> Though evidence that others shared a misunderstanding of the law may be relevant to the credibility of a defendant's claim that he had a particular belief, under Fed. R. Evid. 403, a trial judge's analysis of admissibility only begins with the decision that proffered evidence is relevant.  He must yet weigh its marginal contribution against potential prejudice and confusion, keeping in mind that the judge remains the jury's source of information regarding the law.

*Id.*

In *United States v. Flitcraft*, 803 F.2d 184 (5th Cir. 1986), the defendant was convicted of willfully failing to file income tax returns and other tax crimes.  *Id.* at 185.  At trial, the defendant

"testified that he believed that filing a federal income tax return was voluntary," and he "sought to introduce case law and documents, which he claimed were the basis for his beliefs." *Id.* at 186. The judge excluded the written materials, but the defendant "was allowed to testify about the existence and contents of the documents." *Id.* The Fifth Circuit held that excluding the evidence was not an abuse of discretion because:

> [T]he cases and documents relied on by Flitcraft would have been cumulative because Flitcraft testified to the documents he relied on and their contents. The introduction of the documents themselves would have had little further probative value. In addition, the documents presented a danger of confusing the jury by suggesting that the law is unsettled and that it should resolve such doubtful questions of law.

*Id.*

In *United States v. Barnett*, 945 F.2d 1296 (5th Cir. 1991), the defendant was convicted of willful failure to file income tax returns. *Id.* at 1298. On appeal, the defendant argued "that the trial court erred in excluding from evidence several items of documentary evidence relating to taxation laws that he tendered," because "such evidence would have bolstered the legitimacy of the claim that he sincerely believed that he did not have to file tax returns." *Id.* at 1301. "While not allowing the documents themselves to go to the jury, the court allowed Barnett, during his testimony, to make reference to these documents as the sources of his beliefs." *Id.* The Fifth Circuit affirmed, observing that "the trial court appropriately applied the Flitcraft standard." *Id.*

In *United States v. Simkanin*, 420 F.3d 397 (5th Cir. 2005), a jury convicted Simkanin of a number of tax crimes, and he argued on appeal that "the district court erred because it allowed him only briefly to say what he knew, believed, and understood, but that it did not allow him to corroborate his sincerity in these assertions because it excluded from evidence certain documents on which Simkanin allegedly relied for his beliefs about the tax laws." *Id.* at 412. The Fifth

*Government's Response to Notice of Defense Expert Pete Hendrickson* – **Page 4**

Circuit affirmed, holding that "the district court did not abuse its discretion in concluding that the probative value of this evidence was far outweighed by its tendency to confuse the jury as to the correct state of the law and by its cumulative nature." *Id.*

A similar result under Rule 403 is appropriate here. Absent any evidence that Hendrickson spoke to the Defendant before the date of the alleged offense, what Hendrickson has to say about his ideas now, or would have said then, is of no consequence. On the other hand, the Fifth Circuit has repeatedly warned of the dangers of such evidence, and in this case those dangers vastly outweigh any minimal probative value that Hendrickson's expert testimony might have.

Furthermore, no testimony from Hendrickson would be "the product of reliable principles and methods." Fed. R. Evid. 702(c). His main argument – that the income tax only applies to government employees and others who derive their income from federal government expenditures – is preposterous on its face, and the courts have recognized it as such. In 2007, the United States District Court for the Eastern District of Michigan enjoined Hendrickson from "filing any tax return, amended return, form … or other writing or paper with the IRS that is based on the false and frivolous claims set forth in <u>Cracking the Code</u> that only federal, state or local government workers are liable for the payment of federal income tax or subject to the withholding of federal income, social security and Medicare taxes from their wages under the internal revenue laws.[2] Hendrickson appealed, and the Sixth Circuit affirmed.[3] Because expert testimony from Hendrickson would not be "the product of reliable principles and methods," it is inadmissible. Fed. R. Evid. 702(c).

---

[2] *See United States v. Hendrickson*, No. 2:06-CV-1153 (E.D. Mich), Amended Judgment and Order of Permanent Injunction at 7-8 (May 2, 2007).

[3] *See United States v. Hendrickson*, No. 07-1510 (6th Cir.), Order at 4 (June 11, 2008).

*Government's Response to Notice of Defense Expert Pete Hendrickson* **– Page 5**

The Notice also states that Hendrickson is a fact witness, and will testify about "his communications with the Defendant."  (*See* Notice [doc. 61] at 1.)   The government's understanding is that those communications occurred in April and July 2013, after the return of the Indictment in this case and more than five years after the date of the alleged offense.[4]   Based only on the information in the government's possession at this time, the government would contend that these communications occurred too long after the alleged offense to be relevant.

>
> Respectfully submitted,
>
> ROBERT PITMAN
> United States Attorney
>
> By:    /s Alan M. Buie
>        ALAN M. BUIE
>        Assistant United States Attorney
>        Texas State Bar No. 783751
>        816 Congress Avenue, Suite 1000
>        Austin, Texas   78701
>        Ofc: (512) 370-1242
>        Fax: (512) 916-5854
>        alan.buie@usdoj.gov

## Certificate of Service

On November 11, 2013, I caused the foregoing to be filed, and served on the Defendant's counsel of record, via the Court's Electronic Case File system.

>   /s Alan M. Buie
>  ALAN M. BUIE
>  Assistant United States Attorney

---

[4] The e-mail exchange attached as **Exhibit A** began April 19, 2013 and concluded July 8, 2013.   The initial message from Hendrickson refers to a letter from the Defendant and "the indictment," suggesting that the Defendant's letter mentioned the March 19, 2013 Indictment in this case.

*Government's Response to Notice of Defense Expert Pete Hendrickson* **– Page 6**

**Greg Boyd**

**From:** Pete Hendrickson [phendrickson@█████████]
**Sent:** Monday, July 08, 2013 2:39 PM
**To:** Greg Boyd
**Subject:** Re: Your letter...

I know nothing about them. But if they are not simply promoting CtC, and/or helping folks put into practice what is taught here about the law, they are doing no good, and are likely doing ill.
On 7/8/2013 11:38 AM, Greg Boyd wrote:

> Pete,
> I'm interested to hear your thoughts on the Tax Advocacy Group. Have you had any experience with them?
> Greg
>
> **From:** Pete Hendrickson [mailto:phendrickson@█████████]
> **Sent:** Monday, April 22, 2013 2:48 PM
> **To:** Greg Boyd
> **Subject:** Re: Your letter...
>
> Good question. If 1099s that were incorrect went unrebutted, it is easy to see why your filings can be seen as incorrect. It also would appear that you aren't clear on this subject overall, so while as a non-attorney I can't give you legal advice, I CAN suggest that you might want to re-read 'About 1040s And Claiming Refunds' in CtC and the FAQs at http://losthorizons.com/tax/faq.htm#1099s. Are you able to pay for a lawyer?
>
> On 4/22/2013 12:11 PM, Greg Boyd wrote:
>
>> Pete,
>> Not sure I understand. What should I do?
>> Greg
>>
>> **From:** Pete Hendrickson [mailto:phendrickson@█████████]
>> **Sent:** Monday, April 22, 2013 8:58 AM
>> **To:** Greg Boyd
>> **Subject:** Re: Your letter...
>>
>> You had sent this, Greg, but a 4852 is only for rebutting one kind of 1099-- the 1099-R. It appears that 1099-MISCs were created about you...
>>
>> On 4/22/2013 11:16 AM, Greg Boyd wrote:
>>
>>> Pete,
>>> Attached is the form 4852. I thought I sent it with the returns. Sorry.
>>> Greg
>>>
>>> **From:** Pete Hendrickson [mailto:phendrickson@█████████]
>>> **Sent:** Sunday, April 21, 2013 4:39 PM
>>> **To:** Greg Boyd
>>> **Subject:** Re: Your letter...

1

Greg, I see nothing in this return package rebutting (or agreeing with or otherwise responding to) the 1099s that were apparently created about you...

On 4/21/2013 2:08 PM, Greg Boyd wrote:

> Pete,
> Attached is my return for 2008. It is similar to all the years in question. I am also attaching a copy of the indictment for years 2004, 2005, 2006. Let me know if you need anything else.
> Thanks for your help.
> Greg
>
> ---
>
> **From:** Pete Hendrickson [mailto:phendrickson@▓▓▓▓▓▓▓▓▓▓]
> **Sent:** Friday, April 19, 2013 12:13 PM
> **To:** Greg Boyd
> **Subject:** Your letter...
>
> ...just arrived, Greg.
>
> Please reply with scans of one or more of the filings being attacked, and the indictment.
>
> -Pete